NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SONYA GIDDINGS,**
*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent*

---

2020-1138

---

Petition for review of the Merit Systems Protection Board in No. PH-1221-19-0122-W-1.

---

Decided:  June 1, 2020

---

SONYA GIDDINGS, Philadelphia, PA, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by JOSEPH H. HUNT, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.

---

Before MOORE, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

Sonya Giddings petitions for review of a Merit Systems Protection Board decision concluding that the Social Security Administration proved that it would not have selected Ms. Giddings for a position vacancy even in the absence of her protected activity under the Whistleblower Protection Act. R.A. 1–20.[1] Because the Board's decision was supported by substantial evidence, we *affirm*.

BACKGROUND

On May 1, 2018, Ms. Giddings applied for the position of Social Insurance Specialist (Claims Specialist) in the Mount Laurel and Trenton SSA Field Offices. R.A. 5. On Ms. Giddings' interview day, the managers did not know she was in the waiting area at her scheduled interview time. R.A. 6. When district manager Keila Bragg learned that Ms. Giddings was there, she notified the interviewers, District Manager James Wallace and Assistant District Manager Antoinette Reilly for the Egg Harbor Field Office, and brought Ms. Giddings to the interview room. R.A. 6. Ms. Giddings was seen approximately 35 minutes late, which according to the agency was not uncommon as there were multiple interviews scheduled daily. R.A. 6. Mr. Wallace and Ms. Reilly interviewed Ms. Giddings according to the Competency Assessment Interview Process (CAIP) used for all applicants. Finding that she "did not demonstrate the judgment, clarity, empathy, and other qualities expected of a Claims Specialist," they rated her with scores below the required threshold to pass the interview. R.A. 7; R.A. 168, 174.

Ms. Giddings had previously applied, but was not selected, for a Claims Representative position at SSA in 2014. On August 2, 2014, she filed a complaint with the Office of

---

[1]    Appendix citations are to Respondent's corrected appendix, D.I. 22.

Special Counsel (OSC), alleging that her former SSA supervisor, Carol Miles, committed a prohibited personnel practice by providing Ms. Giddings a negative reference for the Claims Representative position. R.A. 242–48. The OSC found Ms. Giddings' complaint did not present "a violation of 5 U.S.C. § 2302(b)(4) or any other prohibited activity." *See* R.A. 250. The full Board dismissed her subsequent individual right of action (IRA) appeal for failure to exhaust her remedies before the OSC. R.A. 251–52.

In 2016, Ms. Giddings applied for a Claims Specialist position but was not selected. R.A. 259–60. She filed a second OSC complaint on May 23, 2016 alleging that SSA retaliated against her for protected activity, filing her first OSC complaint and IRA appeal, by not selecting her for the Claims Representative position. R.A. 255–69. She filed an IRA appeal on September 21, 2016. On January 26, 2017, an administrative judge (AJ) issued an initial decision holding that Ms. Giddings failed to demonstrate that her protected activity was a contributing factor in her non-selection and that the agency established by clear and convincing evidence that it would have taken the same action in the absence of the disclosure. R.A. 344–49. Ms. Giddings appealed to the full board on January 26, 2017, and that appeal is pending.

After being informed that she was not selected for the present position, on August 23, 2018, Ms. Giddings filed a complaint with the OSC alleging that SSA committed "prohibited personnel practices" by retaliating against her for her prior "OSC and MSPB" case in not selecting her for the Claims Specialist position. *See* R.A. 2. On December 17, 2018, the OSC found that the complaint "lack[ed] sufficient evidence to establish a violation of section 2302(b)(9)" and therefore OSC had insufficient evidence to conclude that the SSA retaliated against her. R.A. 297–98.

On January 31, 2019, Ms. Giddings filed an IRA appeal with the MSPB alleging that she was not selected for a

Claims Specialist position in reprisal for protected whistle-blowing activity. R.A. 7. On September 30, 2019, the administrative judge found that Ms. Giddings engaged in protected whistleblower activity when she filed complaints with the OSC on August 2, 2014 and May 23, 2016, and when she filed MSPB appeals on April 13, 2015 and September 21, 2016. R.A. 10. The AJ further determined that Ms. Giddings demonstrated that her protected activity was a contributing factor in SSA's decision not to select her for the position. R.A. 11. However, the AJ determined that SSA established, by clear and convincing evidence, that it would not have selected Ms. Giddings for the Claims Specialist position even in the absence of her protected activities under 5 U.S.C. § 2302(b)(9). R.A. 1, 12. The decision became final on November 4, 2019, and Ms. Giddings filed a petition for review with this court on November 12, 2019.

## DISCUSSION

We will set aside a final decision of the Board only if the decision is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The Board uses the following factors to determine whether an agency has established that it would have taken the same personnel action in the absence of protected activity: (1) "the strength of the agency's evidence in support of its personnel action;" (2) "the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision;" and (3) "any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." *Carr v. Soc. Security Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

Ms. Giddings argues that the Board incorrectly determined that SSA showed that it would not have selected Ms. Giddings for the Claims Specialist position, even absent

her whistleblowing activity.  Petitioner Br. 3–5.  We hold that substantial evidence supports the Board's determination.  R.A. 12–19.

As to *Carr* factor 1, Ms. Giddings argues that the agency did not provide clear and convincing evidence that it did not engage in whistleblowing retaliation.  Petitioner Br. 4.  She argues that Mr. Wallace and Mrs. Reilly perjured themselves by submitting declarations inconsistent with their interview notes, and that the delay in beginning her interview was unjustified.  *Id.*  Substantial evidence supports the Board's finding that the agency presented sufficient evidence supporting the personnel action.  R.A. 13.  The agency "established a detailed plan" to fill the Claims Specialist position, including posting a vacancy announcement, compiling a list of applicants meeting minimum qualifications, and setting up interviews with each qualified applicant to interview 85 applicants over one week.  R.A. 13–14; R.A. 71–72.  Mr. Wallace and Ms. Reilly provided declarations that they followed the CAIP in interviewing Ms. Giddings.  R.A. 168, 174.  They stated that they rated Ms. Giddings with scores below the threshold because, among other reasons, her answers were "at times incomplete and off topic" and she "did not demonstrate the judgment, clarity, empathy, and other qualities expected of a Claims Specialist."  R.A. 168, 174; R.A. 15–17.  Therefore, Ms. Giddings did not pass the interview and was not eligible for the position.

As to *Carr* Factor 2, Ms. Giddings asserts that the agency had a motive to retaliate due to the multiple MSPB and OSC complaints she has filed.  Petitioner Br. 4.  She contends she sent mass emails to multiple officials informing them of her complaints.  Substantial evidence supports the Board's decision that Ms. Bragg, Mr. Wallace, and Ms. Reilly lacked a motive to retaliate against Ms. Giddings.  R.A. 18–19.  There is no evidence that Mr. Wallace or Ms. Reilly had a retaliatory motive as neither was involved in any prior appeals or complaints, and no appeals or

complaints were considered in her interview evaluation. R.A. 171–72, 177. Even though Ms. Bragg provided a declaration in Ms. Giddings' MSPB appeal, Ms. Bragg also included Ms. Giddings as an applicant to be interviewed and requested that Ms. Giddings' interview be scheduled. R.A. 105–06. Ms. Giddings blames Ms. Bragg for her late interview start time, but it was not unusual for interviews to be late. R.A. 186. And when Ms. Bragg learned of Ms. Giddings arrival, she notified the interviewers and Ms. Giddings was escorted to her interview.

As to *Carr* Factor 3, Ms. Giddings argues that the Board erred because none of the selected applicants were known whistleblowers. Petitioner Br. 4. But this factor considers whether the agency "takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." Non-whistleblower applicants who failed the interviews were also not selected. R.A. 73. Forty applicants passed and eighty four applicants failed. R.A. 73. Therefore, the Board's finding that Ms. Giddings was treated similarly to other applicants not engaged in protected activity was supported by substantial evidence.

## CONCLUSION

The Board's determination that the SSA would not have selected Ms. Giddings for the position even absent protected activity was supported by substantial evidence. *See* R.A. 19–20. We have considered the parties' remaining arguments and find them unpersuasive. Accordingly, we affirm.

## AFFIRMED